UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>                Plaintiff,<br><br>        v.<br><br>AMOS SNELL, et al.,<br><br>                Defendants. | No.  2:13-cv-0970 KJM JAM CKD PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

   This action was removed from state court.  Removal jurisdiction statutes are strictly construed against removal.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).  Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).

   In conclusory fashion, the removal petition alleges the complaint is subject to federal jurisdiction.  The removal petition does not specifically reference federal question or diversity jurisdiction.  Removal based on federal question jurisdiction is proper only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  Caterpillar Inc. v.

1   Williams, 482 U.S. 386, 392 (1987).  However, the exhibits attached to the removal petition
2   establish the state court action is nothing more than a simple unlawful detainer action, and the
3   state court action is titled as such.  To the extent defendant seeks to invoke diversity jurisdiction,
4   insufficient allegations are made with respect to the diversity of citizenship of the parties.
5   Defendant[1] has failed to meet his burden of establishing federal jurisdiction and the matter should
6   therefore be remanded.  See generally Singer v. State Farm Mutual Automobile Insurance Co.,
7   116 F.3d 373, 375-376 (9th Cir. 1997).

8       Defendant Amos Snell has filed a petition to proceed in forma pauperis.  The petition is
9   incomplete.  Although defendant indicates he receives a pension, he has not stated the amount.
10  Because the court will recommend remand of this action and defendant Denise Thomas has not
11  joined in the petition to proceed in forma pauperis, the petition will be denied without prejudice.

12      Accordingly, IT IS HEREBY ORDERED that the petition to proceed in forma pauperis
13  (ECF No. 2) is denied without prejudice; and

14      IT IS HEREBY RECOMMENDED that the above-entitled action be summarily remanded
15  to the Superior Court of California, County of Solano.

16      These findings and recommendations are submitted to the United States District Judge
17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
18  after being served with these findings and recommendations, any party may file written
19  objections with the court and serve a copy on all parties.  Such a document should be captioned
20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
21  shall be served and filed within seven days after service of the objections.  The parties are advised
22  /////
23  /////
24  /////
25  /////
26  ////

---

[1] The court notes that only one defendant signed the removal petition and all defendants did not properly join in the removal.

2

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  May 21, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 deutschebank-snell970.remud